**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO B. LONG, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:22-cv-01353-MTS |
| | ) | |
| ROBERT BURNS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This habeas corpus matter is before the Court on the application of self-represented Petitioner Mario B. Long, Sr. to proceed in the district court without prepaying fees or costs. Having reviewed the financial information contained in the application, the Court will grant the application and will waive the filing fee. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the Petition for writ of habeas corpus, the Court will deny the Petition and dismiss this case for failure to exhaust state court remedies.

**Background**

Petitioner is a federal pretrial detainee, presently incarcerated in the Jackson County Jail in Murphysboro, Illinois. On September 3, 2020, federal prosecutors in this District filed a true bill of indictment against Petitioner, indicting him on one count of being a felon in possession of a firearm. *See United States v. Long*, 4:20-cr-00486-RLW-SPM-1 (E.D. Mo.). Currently pending in Petitioner's federal prosecution is a pro se motion to dismiss filed November 7, 2022. Petitioner's federal case is still in the pretrial stage before Magistrate Judge Shirley Padmore Mensah. The case is very active as Petitioner has been filing multiple motions to terminate counsel and multiple pro se motions. No trial date has been set.

Petitioner also faces charges under Missouri law. According to a review of Missouri Case.net, Missouri's online case management system, on August 6, 2020, Petitioner was charged in state court with unlawful possession of a firearm, unlawful use of a weapon, and fourth degree domestic assault. Docket entries and filings indicate that Petitioner has terminated two different private defense attorneys during his criminal case. *See* Motion to Withdraw, *State v. Long*, 2022-CR01384-01 (22nd Jud. Cir. Dec. 12, 2020) (granted Dec. 16, 2020); Motion to Withdraw, *State v. Long*, 2022-CR01384-01 (22nd Jud. Cir. Feb. 7, 2022) (granted Feb. 8, 2022). On February 8, 2022, the court granted his second attorney's motion to withdraw after Petitioner filed a complaint against that attorney with the Missouri Office of Chief Disciplinary Counsel. The court also removed Petitioner's case from the February 28, 2022 trial docket and set a status conference. Currently that matter is set for a plea hearing on April 13, 2023.

## The Petition[1]

Petitioner's Petition for writ of habeas corpus under 28 U.S.C. § 2241 is difficult to parse. In it, he seems to be challenging his state court proceedings for speedy trial violations. Although he is currently in federal custody, Petitioner states his underlying state court incarceration is in violation of his Fifth and Eighth Amendment rights. He also alleges that the state court has "failed to provide requested documents and information." Petitioner also references pending matters he has filed with the Missouri Office of Chief Disciplinary Counsel and the Missouri

---

[1] This is the second time Petitioner has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. On November 24, 2021, Petitioner filed a § 2241 proceeding alleging similar challenges to his state prosecution. *See Long v. Clemons-Abdullah*, 4:21-cv-01395-SRC (E.D. Mo. Nov. 24, 2021). The petition was summarily dismissed on initial review based on the *Younger* abstention doctrine and Petitioner's failure to exhaust state court remedies. *Id.* at ECF No. 6.

Commission on Retirement, Removal and Discipline regarding alleged misconduct by 22nd Judicial Circuit Judge David Mason.

For relief, Petitioner does not seek release from custody. Rather, he asks the Court to "allow" him "an investigation into all claims, review state's activity in its prolonged pre-trial detention, its refusal to provide requested information, give reason [for] not responding to defendant filed motions, and request for hearing dates, grant relief."

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the Petition under Rule 4, the Court concludes that it "plainly appears" Petitioner is not entitled to relief. To the extent Petitioner is challenging his state custody and state court proceedings, he has not exhausted his state court remedies, and his Petition will be dismissed.

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures

available to the petitioner"). The United States Court of Appeals for the Eighth Circuit has stated that federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636 (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner has not exhausted his Missouri state court remedies. Review of his state court proceedings show that on November 28, 2022, he filed a motion for writ of habeas corpus in the state trial court pursuant to Missouri Rule 91.04 on speedy trial grounds. The state court has not ruled on Petitioner's habeas motion. *See State v. Long*, 2022-CR01384-01 (22nd Jud. Cir. Nov. 28, 2022). Petitioner's state court case has been set for a plea hearing on April 13, 2023.

Additionally, the Court can find no record of Petitioner filing a writ of mandamus, which is the vehicle explicitly provided by Missouri law to enforce his speedy trial rights in state court. *See* Mo. Rev. Stat. § 545.780(2). Petitioner does not establish any "special circumstances" that would allow him to avoid the need to exhaust his state remedies, and alleging a speedy trial violation alone is not enough. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

To the extent Petitioner is attempting to bring any action against Judge David Mason, these allegations also will be dismissed. Judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

For these reasons, the Court will deny Petitioner's Petition for a writ of habeas corpus under 28 U.S.C. § 2241 and dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application to proceed in the district court without prepaying fees and costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**, and this action will be dismissed.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th of February 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE